TIMOTHY ELDER (CA BAR NO. 277152)
ANNA R. LEVINE (CA BAR NO. 227881)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:    (415) 952-9898
Email: telder@trelegal.com
           alevine@trelegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOBBI POMPEY,** | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101, *ET SEQ.*, SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT, 42 U.S.C. § 18116, THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §§ 51, *ET SEQ.* AND THE CALIFORNIA DISABLED PERSONS ACT, §§ 54, *ET SEQ.*** |
| v. | |
| **WESTERN DENTAL SERVICES, INC.,** | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

## I.   INTRODUCTION

1.   This is an action against Western Dental Services, Inc. ("Western Dental") for discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 ("ACA"), California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act"), and California's Disabled Persons Act, Cal. Civ. Code §§ 54-55.3 ("CDPA").

2.   Plaintiff Bobbi Pompey, who is blind, sought dental services on February 1, 2019 but was denied assistance in completing paperwork and subsequently denied treatment because of her disability.

3.   On information and belief, Defendant has a history of utilizing discriminatory policies and procedures with respect to persons with disabilities, and it continues to utilize them.

4.   As Ms. Pompey has an ongoing need to access dental services without discrimination, the harm she suffers is ongoing.

5.   Ms. Pompey seeks declaratory and injunctive relief to remedy Defendant's discrimination against her on the basis of her disability and to prevent similar discrimination in the future.

6.   She seeks compensatory relief for the past harm that Defendants' discriminatory and humiliating actions have caused her.

7.   She also seeks damages and attorneys' fees and costs, as authorized by statute.

## II.   JURISDICTION

8.   This is an action for declaratory, injunctive, and compensatory relief, including statutory damages, for Defendant's discrimination against Ms. Pompey on the basis of disability in violation of the federal ADA and ACA, and the state Unruh Act and CDPA.

9.   This Court has subject matter jurisdiction over this action pursuant to section 1331 of Title 28 of the United States Code.

10.   Pursuant to section 1367 of Title 28 of the United States Code, this Court has supplemental jurisdiction over Plaintiff's pendant claims under California law.

### III. VENUE

11.  Pursuant to sections 1391(b)(1) and (2) and 1391(c) of Title 28 of the United States Code, venue is proper in the United States District Court, Northern District of California because Defendant has offices in this District, and the events and omissions giving rise to the claim occurred and are occurring within this District.

### IV. PARTIES

12.  Plaintiff Bobbi Pompey resides in Alameda County, California. She is a Certified Vision Rehabilitation Therapist trained and employed to teach others who are blind to navigate the world independently.

13.  Defendant Western Dental Services, Inc. is a California corporation with headquarters in Orange County, California, and maintains dental offices in at least three states, including several offices in Alameda County, California, including an office in Berkeley, California.

### V.  FACTS

14.  On February 1, 2019, Western Dental's Berkeley, California office denied treatment to Ms. Pompey.

15.  Multiple office staff informed Ms. Pompey that they would not assist her with new patient paperwork, and that she needed to reschedule her appointment for a time when she could bring someone to help her complete it.

16.  They asked Ms. Pompey, an adult professional, humiliating questions such as where her family was, and did she not have a specialist of some kind or a social worker who could return with her.

17.  Ms. Pompey explained her legal right to have staff assist her with reading and completing the paperwork in a private area. She asked for higher level review of the decision to turn her away.

18.  She was forced to wait in the lobby for several hours, until staff told her to leave without further response, because the office was closing.

19.  Through assiduous self-advocacy and multiple further calls over the next week, Ms. Pompey succeeded, on a subsequent visit, in obtaining the delayed treatment.

20. On the subsequent visit at which she obtained treatment, Western Dental continued to resist assisting Ms. Pompey with print forms in a timely manner that protected her privacy and independence, resulting in an experience that was inferior to that received by nondisabled individuals.

21. Defendant's discriminatory treatment caused Ms. Pompey humiliation, indignity, and emotional distress.

22. The discrimination Ms. Pompey suffered was a result of Western Dental's ongoing failure to implement effective disability antidiscrimination policies, practices, and procedures.

23. This failure creates an actual and imminent threat to Ms. Pompey that Western Dental's staff will refuse her assistance, ask her humiliating and discriminatory questions, and/or deny her treatment in the future.

24. Ms. Pompey plans to continue use Western Dental's dental clinics, as they are covered by her insurance plan and include multiple locations geographically convenient to her residence in Oakland, California and work in San Francisco, California.

## VI. FIRST CAUSE OF ACTION

### Title III of the ADA

25. Plaintiff re-alleges and incorporates all previously alleged paragraphs of the Complaint.

26. Ms. Pompey is blind and is thus a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(1)(A).

27. In owning or operating a professional office of a health care provider, Defendant owns or operates a place of public accommodation, as defined by the ADA. 42 U.S.C. § 12181(7)(f); 28 C.F.R. § 36.104.

28. As such, Defendant is prohibited from discriminating against individuals on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

29. It is a violation of the ADA for an owner or operator of a place of public accommodation to fail to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

30. Auxiliary aids and services include qualified readers, audio recordings, screen reading software, accessible electronic and information technology, and other effective methods of making visually delivered materials (such as printed paper forms) available to blind persons. 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 36.303(b)(2).

31. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of a person with a disability. 28 C.F.R. § 36.303(c)(1)(ii).

32. An owner or operator of a place of public accommodation may not require an individual with a disability to bring someone with them to facilitate communication. 28 C.F.R. § 36.303(c)(2).

33. By refusing to provide Ms. Pompey with a qualified reader or other auxiliary aid or service to complete new patient and other paperwork, Defendant has violated the ADA.

34. It is also a violation of the ADA for an owner or operator of a place of public accommodation to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

35. By failing to modify its policies, practices, and procedures necessary to avoid discrimination against patients with disabilities, by allowing staff to provide auxiliary aids and services by assisting blind patients including Ms. Pompey with reading and completing required paperwork, Defendant violated the ADA.

36. By failing to modify its policies, practices, and procedures adequate to ensure that dental clinic staff are properly trained and do not refuse to provide assistance necessary to avoid discrimination against patients with disabilities, including Ms. Pompey, Defendant has violated and continues to violate the ADA.

37. As a result of Defendant's past and ongoing violations, Ms. Pompey suffered and continues to suffer humiliation, indignity, and emotional distress.

38. Equitable relief is necessary to stop Defendant's current and future violation of the ADA, as legal relief is insufficient.

39. Title III authorizes this Court to award reasonable attorneys' fees as part of the costs. 42 U.S.C. § 12188.

## VII.    SECOND CAUSE OF ACTION
### Section 1557 of the ACA

40. Plaintiff re-alleges and incorporates all previously alleged paragraphs of the Complaint.

41. Section 1557 prohibits persons with disabilities from, on the basis of disability, being excluded from participation in, being denied the benefits of, or being subjected to discrimination under, any health program or activity receiving federal financial assistance. 42 U.S.C. § 18116(a); 45 C.F.R. § 92.101(a)(1).

42. Ms. Pompey is a person with a disability within the meaning of Section 1557.

43. As a provider of dental care, Defendant is providing health-related services and is thus operating a health program or activity under the ACA. 45 C.F.R. § 92.4.

44. Defendant is a recipient of federal financial assistance through its participation in dental plans provided through Covered California under the ACA, as well as in Medi-Cal, California's Medicaid program, and is therefore a covered entity under the ACA as an entity operating a health program or activity, any part of which receives federal financial assistance. 45 C.F.R. § 92.4.

45. Covered entities must take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others. 45 C.F.R. § 92.202(a) (incorporating the standards of 28 C.F.R. § 35.160 by reference and applying the standards of Title II of the ADA).

46. This includes an obligation to provide appropriate auxiliary aids and services to blind persons where necessary to afford such persons an equal opportunity to benefit from a covered entity's services. 45 C.F.R. § 92.202(b).

47. Auxiliary aids and services include qualified readers, taped texts, audio recordings, Braille materials, screen reader software, optical readers, accessible electronic and information technology, and other effective methods of making visually delivered materials available to individuals who are blind. 45 C.F.R. § 92.4.

48. In determining what types of auxiliary aids and services are necessary, a covered entity must give primary consideration to the requests of individuals with disabilities, while also considering the

nature, length, and complexity of the communication involved and the context in which the communication is taking place. 28 C.F.R. § 35.160(b)(2).

49. Auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. 28 C.F.R. § 35.160(b)(2).

50. A covered entity may not require a blind person to bring another person, nor may it rely on such an accompanying person, to facilitate communication as an auxiliary aid or service. 28 C.F.R. §§ 35.160(c)(1)-(2).

51. Ms. Pompey requested a qualified reader to assist her with the communications necessary to complete Defendant's printed paperwork. Given the nature, length, and complexity of the communications involved in completing the printed paperwork, and the context of the paperwork's presentation as a requirement to receive treatment at a dental office where staff were available to provide assistance in reading and completing it, a reader was an auxiliary aid or service to communicate with Ms. Pompey that Defendant was required by law to provide.

52. Not only did Defendant unlawfully refuse to provide a reader to Ms. Pompey, it refused to provide any auxiliary aid or service at all, in violation of 45 C.F.R. §§ 92.202(a) and (b).

53. Defendant further unlawfully suggested Ms. Pompey bring another person with her to complete the paperwork, in violation of 28 C.F.R. §¶ 35.160(c)(1) and (2).

54. Covered entities must also make reasonable modifications to policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability. 45 C.F.R. § 92.205.

55. By failing to modify its policies, practices, and procedures necessary to avoid discrimination against patients with disabilities, by allowing staff to provide auxiliary aids and services by assisting blind patients including Ms. Pompey with reading and completing required paperwork, Defendant violated the ACA. 45 C.F.R. § 92.205.

56. By failing to modify its policies, practices, and procedures adequate to ensure that dental clinic staff are properly trained and do not refuse to provide assistance necessary to avoid discrimination

against patients with disabilities, including Ms. Pompey, Defendant has violated and continues to violate the ACA. 45 C.F.R. § 92.204.

57. By the above violations, Defendant has denied Ms. Pompey participation in, the benefits of, and subjected her to discrimination under its health programs and activities based on her disability, in violation of the ACA. 42 U.S.C. § 18116(a).

58. Because of Defendant's past and ongoing violations, Ms. Pompey has suffered and continues to suffer damages, which include humiliation, indignity, and emotional distress.

59. Equitable relief is necessary to stop Defendant's current and future violation of the ACA, as legal relief is insufficient.

60. The ACA authorizes this Court to award reasonable attorneys' fees as part of the costs. 29 U.S.C. § 794a(b), as incorporated by 42 U.S.C. § 18116(a).

## VIII.   THIRD CAUSE OF ACTION

### California's Unruh Civil Rights Act

61. Plaintiff re-alleges and incorporates all previously alleged paragraphs of the Complaint.

62. The Unruh Act provides that "all persons within the jurisdiction of this state are free and equal, and no matter their … disability … are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

63. Ms. Pompey has a disability as defined by Cal. Gov. Code § 12926, as incorporated by Cal. Civ. Code §§ 51(e)(1).

64. Defendant's violations of Ms. Pompey's rights under the federal ADA, 42 U.S.C. §§ 12101 et seq., as described above in part VI, also constitute a violation of Ms. Pompey's rights under the Unruh Act. Cal. Civ. Code § 51(f).

65. As a result of these violations, Ms. Pompey has suffered damages.

66. Whoever violates Civ. Code section 51 is liable for treble actual damages, but in no case less than $4,000, plus attorneys' fees. Cal. Civ. Code § 52(a).

67. Ms. Pompey is entitled to injunctive relief to remedy Defendant's discrimination and to damages, attorneys' fees, and costs for past harm. Cal. Civ. Code §§ 52 and 52(a).

## IX. FOURTH CAUSE OF ACTION

### California's Disabled Persons Act

68. Plaintiff re-alleges and incorporates all previously alleged paragraphs of the Complaint.

69. The California Disabled Persons Act, Cal. Civ. Code §§ 54-55.3, guarantees individuals with disabilities full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all places of public accommodation and other places to which the general public is invited, including medical facilities such as clinics and doctor's offices. Cal. Civ. Code § 54.1(a)(1).

70. By denying Ms. Pompey treatment because her disability prevented her from completing its printed paperwork, Defendant denied Ms. Pompey the accommodations and advantages of Defendant's medical facilities, in violation of California Civil Code section 54.1(a)(1).

71. Defendant's violations of Ms. Pompey's rights under the federal ADA, 42 U.S.C. §§ 12101 *et seq.*, as described above in part VI, also constitute a violation of Ms. Pompey's rights under the CDCA. Cal. Civ. Code § 54(c).

72. Whoever denies or interferes with the enjoyment of public facilities by, or otherwise interferes with the rights of, a person with a disability in violation of Civ. Code § 54.1 is liable to such person for treble actual damages, but in no case less than $1,000, plus attorneys' fees. Cal. Civ. Code § 54.3(a).

73. As a result of these violations, Ms. Pompey has suffered damages, including humiliation, indignity, and emotional distress.

74. Ms. Pompey seeks declaratory relief, damages, costs for past harm, and attorneys' fees based on Defendants' violation of her rights under the CDPA. She does not seek relief under California Civil Code section 55.

## X. FIFTH CAUSE OF ACTION

### Declaratory Relief

75. Plaintiff re-alleges and incorporates all previously alleged paragraphs of the Complaint.

76. Plaintiff contends that Defendant's acts, described above, are discriminatory and harmful in violation of the ADA, ACA, Unruh Act, and CDPA.

77. Defendant disagrees with Plaintiff's contentions.

78. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## XI.  RELIEF REQUESTED

Plaintiff prays for judgment as follows:

1. A declaration that Defendant is operating their facilities in a manner that discriminates against people with disabilities through their policies, practices, and procedures;

2. An order enjoining Defendant from violating Title III of the ADA, the ACA, and the Unruh Act, through their policies, practices, and procedures related to individuals with disabilities;

3. Statutory damages against Defendant for each violation of the Unruh Act or, in the alternative, for each violation of the CDPA;

4. Compensatory damages against Defendant for the humiliation, indignity, shock, and emotional distress that Ms. Pompey experienced as a result of the unlawful policies, practices, and conduct of Defendant and its agents and employees pursuant to the ACA and the CDPA;

5. An award of Plaintiff's reasonable attorneys' fees and costs against Defendant; and

6. Such other and further relief as the Court deems just and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6, Plaintiffs respectfully request a jury trial against Defendants on all issues triable thereby.

DATED: April 24, 2020                    Respectfully submitted,

                                         TRE LEGAL PRACTICE

                                         */s/ Anna R. Levine*
                                         Anna R. Levine

                                         *Attorneys for Plaintiff*